> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 16, 2021[*]
Decided July 19, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1392

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 02 CR 45-1 |
| WILLIAM ELEM, *Defendant-Appellant.* | John J. Tharp Jr., *Judge.* |

**O R D E R**

William Elem, a federal inmate suffering from hypertension, high cholesterol, and glaucoma, sought compassionate release based on his susceptibility to severe complications if he contracted COVID-19. The district court denied the request, concluding that Elem's medical conditions did not put him at an extreme risk from

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

COVID-19 and, regardless, the sentencing factors weighed against his release. This determination was an appropriate exercise of the court's discretion, and so we affirm.

In 2002 Elem was convicted of conspiracy to possess and possessing phencyclidine ("PCP") with intent to deliver and using a communications facility in furtherance of the conspiracy. *See* 21 U.S.C. §§ 841(a)(1), 843(b). He received a 360-month sentence, which we affirmed on appeal. *United States v. Elem*, 88 F. App'x 113 (7th Cir. 2004). Elem later successfully sought a sentence reduction based on an amendment to the Sentencing Guidelines, and we also upheld that ruling. *United States v. Elem*, 630 F. App'x 628 (7th Cir. 2016). His projected release date is mid-2023.

In July 2020, Elem moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He asserted that, as a 44-year-old who suffers from hypertension, high cholesterol, and glaucoma, he would face serious detriment to his health if he contracted COVID-19, which was "running rampant" at Forrest City Low, the federal correctional institution where he is serving his sentence. Elem also highlighted his post-sentencing rehabilitation efforts and urged that his early release plan would allow him to stay with family, undertake employment, and continue his education.

The judge denied Elem's motion. The judge's analysis is concise enough that we include it here in its entirety:

> Defendant bases motion on hypertension, high cholesterol, and glaucoma. Current CDC Guidelines have not found that any of these factors increase risk of serious illness from COVID-19 infection; Guidelines reflect only that hypertension "might" increase risk. Any such higher risk is also mitigated by defendant's age (45), by the fact that BOP reports only one active case of infection at FCI Forrest City Low, where Defendant is serving his sentence, and vaccinations of both staff and inmates have begun at the facility. That Defendant has not become infected over the course of almost a year of the pandemic also demonstrates that the facility has managed COVID risks reasonably and that the risk to the defendant is not extreme. Finally, given the Defendant's extensive criminal history and the large quantity of PCP for which he was accountable, the Court concludes that a reduction of Defendant's sentence to "time served" would be inconsistent with the sentencing objectives set forth in 18 U.S.C. § 3553(a).

On appeal, Elem first asserts that the judge did not adequately consider how much of an increased risk hypertension "might" pose to him should he contract COVID-19. He also contends—for the first time on appeal—that he (like many fellow inmates) experienced COVID-19-like symptoms in January 2020 but was never tested, and that low vaccination rates at his facility increase his risk of contracting the virus.

The district judge acted well within his discretion in denying relief. *See United States v. Saunders*, 986 F.3d 1076, 1077–78 (7th Cir. 2021). The judge acknowledged that Elem's hypertension "might" increase his risk from the virus but permissibly determined that any heightened risk was outweighed by Elem's non-advanced age and the prison's success in keeping infection rates down, avoiding outbreaks, and introducing vaccinations for staff and inmates. As for Elem's new arguments about the prison's lack of testing and low vaccination rates, we may not consider them on appeal because he failed to first present them to the district judge. *See In re Veluchamy*, 879 F.3d 808, 821 (7th Cir. 2018).

Elem next argues that the judge's analysis of the sentencing factors under 18 U.S.C. § 3553(a) disregarded Elem's favorable post-sentencing conduct, including his good disciplinary record in prison and his efforts to educate and rehabilitate himself. *See* § 3553(a)(2)(D). But a judge need not provide a detailed, written analysis of every § 3553(a) factor, so long as he provides some statement of reasons supporting his determination. *United States v. Sanders*, 992 F.3d 583, 588 (7th Cir. 2021). Here the judge appropriately identified what he believed to be the most determinative § 3553(a) factors, alluding to the seriousness of Elem's offenses (a "large quantity of PCP"), Elem's "extensive" criminal history, and the need to promote respect for the law (given the time on his sentence left to be served). *See* § 3553(a)(1), (a)(2)(A)–(B).

We have considered Elem's remaining arguments, and none has merit.

AFFIRMED